FILED
CLERK
2:29 pm, Mar 24, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TIMOTHY BURDEN,

          Plaintiff,

    v.

THE INCORPORATED VILLAGE OF PORT JEFFERSON, JAMES MURDOCCO, MARGOT GARANT, AND DARA MARTIN-ORLANDO,

          Defendants.

------------------------------------------------------------X

MEMORANDUM AND ORDER

21-CV-4967 (GRB)(SIL)

**GARY R. BROWN, United States District Judge**:

    Plaintiff Timothy Burden brings this Section 1983 action against the Incorporated Village of Port Jefferson, Mayor Margot Garant, local prosecutor Dara Martin-Orlando, and officer James Murdocco for slander and violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the US Constitution. Defendants move to dismiss. For the following reasons, defendants' motion is granted in part and denied in part.

*Facts*

    According to the amended complaint, Timothy Burden is a resident of Port Jefferson Village ("Village"). Docket Entry ('DE 19"), Am. Compl., ¶ 8. In August 2018, Burden observed two people parked in an unmarked vehicle in front of his residence. *Id.*, ¶ 14. Defendant James Murdocco, who Burden now knows to be a Village Code Enforcement Officer, was inside the vehicle. *Id.*, ¶¶ 12, 16. Dressed in plain clothes, Murdocco was wearing a badge and a firearm in a holster attached to his belt. *Id.*, ¶¶ 17, 19. Murdocco stepped out and told Burden that he was a Village employee. *Id.*, ¶¶ 17, 19. When Burden asked Murdocco to produce identification,

1

Murdocco refused and spoke with Burden about his property. *Id.*, ¶¶ 20-21. Repeatedly, Burden asked Murdocco to produce identification and Murdocco refused. *Id.*, ¶ 22. Each time Murdocco asked a question about Burden's residence, he got angrier with Burden's lack of responses. *Id.*, ¶ 23. As the conversation became more heated, Murdocco appeared to brandish his hip where his pistol was located while putting his hand near the grip, calling attention to the weapon. *Id.*, ¶ 24. Burden's brother, who was inside Burden's home and witnessing the events unfold, called Burden and told him that he would call the police. *Id.*, ¶ 25. Burden then told Murdocco that the police were on their way, and he would wait inside. *Id.*, ¶ 26. Motioning his hand near his gun, Murdocco loudly ordered Burden to stay on the street. *Id.*, ¶ 27. When the Suffolk County police officer arrived, Murdocco showed the police officer his Village identification and explained what had occurred. *Id.*, ¶¶ 34-37. The police officer did not arrest Burden. *Id.*, ¶ 38. Murdocco said, in sum and substance, that he did not care if Burden did not violate any law; he was writing Burden a ticket so that he would have to go to court and pay a fine. Murdocco wrote a ticket charging Burden with disorderly conduct. *Id.*, ¶¶ 39-40.

In October 2018, Village Justice Court Judge Tara Higgins arraigned Burden for disorderly conduct under Village Code § 181-6 (A & B). *Id.*, ¶ 45. The prosecutor, defendant Dara Martin-Orlando, did not provide Burden with a Huntley notice.[1] *Id.*, ¶ 46. Despite announcing readiness for trial at arraignment, the Justice Court adjourned trial to November. *Id.*, ¶ 47. The complaint conclusorily alleges that defendant Mayor Margot Garant directed Judge Higgins to find Burden guilty and delay the verdict as a further punitive step. *Id.*, ¶ 48.

---

[1] "In New York, a Huntley hearing is held if the prosecution intends to offer a defendant's confession. If the confession is challenged, a hearing is held in which the prosecution has the burden of proving, beyond a reasonable doubt, that a defendant's statement was voluntary. *See People v. Huntley*, 15 N.Y.2d 72 (1965)." *Thomas v. Lord*, 396 F.Supp.2d 327, 335–36 (E.D.N.Y. 2005).

In November 2018, Judge Higgins held a bench trial. *Id.*, ¶ 55. At trial, Judge Higgins allowed Burden's statements into evidence over his objections that the statements were a violation of New York State Criminal Procedure Law Section 710.30[2] and the Fifth Amendment of the US Constitution. *Id.*, ¶ 57. Judge Higgins then adjourned the case for 364 days before ordering Burden to return to court. *Id.*, ¶ 63. In November 2019, Judge Higgins found Burden guilty and fined him $250. *Id.*, ¶ 65. After trial, but before rendering a decision and sentencing Burden, Judge Higgins stated, in sum and substance, that she was under direct orders from the mayor to find Burden guilty despite any lack of evidence or constitutional defenses, and to delay the verdict for a year to teach him a lesson. *Id.*, ¶ 71. Plaintiff paid the $250 fine. *Id.*, ¶ 72.

In July 2021, a state appellate court reversed the judgment of conviction because the "Court failed to render its verdict until 342 days after conducting a bench trial lasting barely over an hour, and this court can discern no excuse or explanation for this nearly one-year delay." *People v. Burden*, 72 Misc. 3d 134(A) (N.Y. App. Term. 2021). Soon after the appellate court's decision, Murdocco made public statements, in sum and substance, that Burden was a dangerous person who had violated numerous laws and Village Codes and that all Code Enforcement Officers had to be on duty next time Justice Court was in session in order to protect court personnel from Burden. DE 19, ¶ 80.

In August 2021, Burden requested a refund of the $250. To date, it has not been refunded. *Id.*, ¶¶ 86-87.

*Procedural History*

---

[2] "Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him or her or a pictorial, photographic, electronic, filmed or video recorded reproduction of him or her as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered." N.Y. Crim. Proc. Law § 710.30.

In September 2021, plaintiff filed a complaint against defendants in this Court. DE 1. In April 2022, the Court granted defendants' motion to dismiss as unopposed and on the merits, and granted plaintiff leave to file an amended complaint. Electronic Order dated April 29, 2022. Plaintiff filed an Amended Complaint making nearly identical factual allegations, but dropped Judge Higgins as a defendant and added Mayor Garant and local prosecutor Martin. *Compare* DE 1 *with* DE 19. In May 2022, the defendants filed a pre-motion conference letter asking the Court for leave to file a renewed motion to dismiss. DE 17. The Court deemed the motion made, and plaintiff filed an opposition. Electronic Order dated May 20, 2022; DE 18.

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3–4 (E.D.N.Y. Jan. 12, 2017), adopted by 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein. The gravamen of that standard is whether, assuming the allegations of the complaint to be true, the complaint sets forth sufficient factual material to render the claims plausible.

*Legal Standards*

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted

4

under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id.*

*Discussion*

The facts alleged in the amended complaint are materially the same as those in the initial complaint which was already dismissed, *see* Electronic Order dated April 29, 2022; the main difference in the documents consists of the substitution of certain defendants who have not been served.[3] Thus, the amended complaint is similarly subject to dismissal on many of the same grounds previously ruled on. Nonetheless, for the sake of clarity, the Court now examines the grounds upon which defendants move to dismiss.

*First Amendment Claims*

Count One alleges that charging Burden for disorderly conduct represented retaliation for plaintiff's exercise of his right to free speech. "A plaintiff asserting a First Amendment retaliation claim must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (quoting *Cox v. Warwick Valley Cent. School Dist.*, 654 F.3d 267, 272 (2d Cir. 2011)). As "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers," *City of Houston v. Hill*, 482 U.S. 451, 461 (1987), "the Second Circuit has held

---

[3] Plaintiff admits that they have not served the new defendants named in the Amended Complaint, Mayor Garant and local prosecutor Martin. *See* DE 18 at 1. Plaintiff offers no explanation other than that they "have never before seen or heard about a municipality that demanded or encouraged the personal service of a summons upon any of its municipal employees who are to be indemnified." DE 18 at 1. Thus, under Rule 4(m) of the Federal Rules of Civil Procedure, the action is dismissed as to defendants Garant and Martin because they were not served within 90 days after the filing of the amended complaint. Moreover, even if Martin were properly served, any claims against him would fail because "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citations omitted). As to the conclusory allegations of a conspiracy among the defendants, *see* DE 19, ¶¶ 88–89, these claims are barred by the intracorporate conspiracy doctrine. *See Broich v Inc. Village of Southampton*, 650 F. Supp 2d 234, 246–47 (E.D.N.Y. 2009).

5

that speech directed at police officers is protected unless it is 'likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance or unrest.'" *Barkai v. Mendez*, No. 21-CV-4050 (KMK), 2022 WL 4357923, at *21 (S.D.N.Y. Sept. 20, 2022) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 415 (2d Cir. 1999)). The causal element requires but-for causation and the "plaintiff[] [must] plead and prove the absence of probable cause" or "present[] objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722–23, 1727 (2019).

Defendants argue that plaintiff's First Amendment claim fails because Murdocco had probable cause to charge Burden with disorderly conduct and Burden fails to allege with specificity what was said to Murdocco. DE 17 at 2.

The Village's disorderly conduct code provides that:

No person shall indulge in disorderly, noisy or disturbing conduct within the Village. Any person who commits any of the following acts will be considered in violation of this article if said person:

A. Uses or indulges in offensive, disorderly, threatening, abusive or insulting language, conduct or behavior.

B. Acts in such a manner as to annoy, disturb, interfere with, obstruct or be offensive to others.

Village Code § 181-6 (A & B). Under New York law, "a person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem." *People v. Weaver*, 16 N.Y.3d 123, 128 (2011) (alterations omitted). "In assessing whether an act carries public ramifications, relevant factors to consider are the time and place of the episode under scrutiny; the nature and character of the conduct; the number of other people in the vicinity; whether they are

6

drawn to the disturbance and, if so, the nature and number of those attracted; and any other relevant circumstances." *Id.* at 128.

Assuming the allegations in the amended complaint are true, plaintiff makes out a plausible First Amendment claim. It is plausible that Burden's words and conduct were protected speech because, unless likely to pose a clear and present danger, even provocative speech toward an officer is protected under the First Amendment. *See Posr*, 180 F.3d at 415, 418–19 (statement to court officer that "One day you're gonna get yours" may be protected under the First Amendment). Although defendants argue that Burden fails to allege what was said to Murdocco verbatim, the allegations are sufficiently specific to make out a plausible claim. In terms of speech, the Amended Complaint alleges Burden refused to answer Murdocco's questions regarding his property, asked Murdocco to produce identification, and told Murdocco the police were coming – all without making any threats. DE 19, ¶¶ 20, 23, 26, 32. As explained, these assertions are sufficient to make out a plausible claim under the standard set forth in *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 415 (2d Cir. 1999).

With regards to causation, plaintiff alleges that Murdocco said he did not care if Burden did not violate any law. DE 19, ¶¶ 39, 43. These allegations plausibly establish but-for causation between the adverse action and the protected speech. *See Kerman v. City of New York*, 261 F.3d 229, 233, 242 (2d Cir. 2001) (finding an adequately alleged retaliatory motive where an officer told plaintiff "I'm going to teach you a lesson"). Although normally a conviction is conclusive evidence of probable cause which would negate the causal element, the conviction here cannot support that inference because it was reversed on appeal. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("[a] conviction that has been reversed on appeal is no evidence of the existence of probable cause[.]"). According to the amended complaint, Burden merely asked Murdocco to

7

produce identification and refused to answer Murdocco's questions about his residence. DE 19, ¶¶ 20, 23. Neither the defendants nor this Court can find any case standing for the proposition that merely refusing to answer an officer's questions and asking him to produce identification provide probable cause for a disorderly conduct charge. *Compare Weaver*, 16 N.Y.3d at 126–29 (evidence was sufficient to support disorderly conduct conviction where defendant yelled obscenities at his wife and police officer in the vicinity of a parking lot) *with Posr*, 180 F.3d at 415, 418–19 (statement to court officer that "One day you're gonna get yours" is not probable cause for disorderly conduct arrest). Finally, defendants do not contest that charging Burden with disorderly conduct constituted an adverse action. Thus, plaintiff has satisfactorily pleaded a plausible First Amendment retaliation claim.

*False Arrest*

Count Two alleges that defendants detained and charged plaintiff without probable cause in violation of the Fourth Amendment. "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause is substantially the same as a claim for false arrest under New York law." *Weyant*, 101 F.3d at 852 (citation omitted). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citation and internal quotation marks omitted).

A person is "seized" for Fourth Amendment purposes "when [an] officer, by means of physical force or show of authority, . . . in some way restrain[s] the liberty of a citizen." *Salmon v. Blesser*, 802 F.3d 249, 252 (2d Cir. 2015) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

8

"To explain when a sufficient 'show of authority' effects restraint, the Supreme Court has relied on a totality-of-the-circumstances test, asking whether a reasonable person would believe that he was 'not free to leave.'" *Id.* (quoting *INS v. Delgado*, 466 U.S. 210, 215 (1984)). However, "this objective requirement 'states a *necessary*, but not a *sufficient*, condition for seizure[.]'" *United States v. Baldwin*, 496 F.3d 215, 219 (2d Cir. 2007) (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991)). "Whether conduct constitutes submission to police authority will depend ... on the totality of the circumstances—the whole picture." *United States v. Huertas*, 864 F.3d 214, 216 (2d Cir. 2017) (citations and internal quotation marks omitted). As such, "conduct that amount[s] to evasion of police authority is not submission." *Id.*

Plaintiff's false arrest claim fails because there was no Fourth Amendment "seizure." According to the amended complaint, when Burden told Murdocco that the police were on their way, Murdocco ordered Burden to stay on the street and motioned his hand near his gun. DE 19, ¶¶ 25–27. A Suffolk County police officer then arrived and refused to charge Burden. *Id.* ¶ 38. Although Burden stayed per Murdocco's order, this occurred after Burden had his brother call the police about Murdocco. By directing the call to the police, Burden's conduct was an evasion of – not a submission to – Murdocco's authority. *See Huertas*, 864 F.3d at 216–17 (suspect who "remain[ed] still and answer[ed] questions . . . to quiet suspicion . . . [before he] ran" was evading police authority); *Stevens v. Vill. of Red Hook*, No. 20 CV 08152 (NSR), 2022 WL 11970629, at *2 (S.D.N.Y. Oct. 20, 2022) (finding no submission to authority to support a Fourth Amendment seizure where the officers left plaintiff's home after she called a retired judge who advised she was not required to let the officers inside or take her into custody). Because Burden did not submit to Murdocco's show of authority, there was no Fourth Amendment seizure. Burden's later arraignment and criminal trial also are not cognizable "seizures" under the Fourth Amendment.

9

*See Lacey v. Yates Cnty.*, 30 F. Supp. 3d 213, 225 (W.D.N.Y. 2014) ("An appearance in a local criminal court, even when required pursuant to a criminal summons, does not amount to confinement that will support a false arrest claim."); *Burg v. Gosselin*, 591 F.3d 95, 98 (2d Cir. 2010) ("issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure"). Accordingly, Burden's false arrest claim is dismissed.

*Speedy Trial*

Counts Six and Seven allege that defendants violated plaintiff's right to a speedy trial and due process of law by intentionally delaying his guilty verdict for a year. "The Sixth Amendment's Speedy Trial Clause homes in on the . . . period[] from arrest or indictment through conviction. The constitutional right . . . does not attach until . . . a defendant is arrested or formally accused." *Betterman v. Montana*, 578 U.S. 437, 441 (2016). A speedy trial claim is evaluated using a four-part balancing test that takes into consideration the: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Tigano*, 880 F.3d 602, 611–12 (2d Cir. 2018) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "Depending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). With regards to the reason for delay, "*Barker* established a spectrum of weights, in which 'deliberate' attempts to delay trial weighed most heavily against the government." *Tigano*, 880 F.3d at 612. The last factor, prejudice, is the most serious and "should be assessed in regard to those interests the Sixth Amendment right to a speedy trial is designed to protect, namely, '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *Id.* at

618 (quoting *Barker*, 407 U.S. at 532). "[N]one of the four factors . . . [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533. "Rather, they . . . must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Id.*

The Court finds that plaintiff has not pled a plausible speedy trial claim. Plaintiff was arraigned in Village's Justice Court in October 2018, only two months after Murdocco issued him a ticket for disorderly conduct, and the following month Judge Higgins held a bench trial. Inexplicably, "the Justice Court failed to render its verdict until 342 days" later, in a case where "there were no complicated issues [and] no posttrial submissions or administrative impediments to the prompt rendering of a verdict." *Burden*, 72 Misc. 3d 134(A) (citations and internal quotation marks omitted). Allegedly, after trial, but before rendering a decision, Judge Higgins stated that she was under direct orders from the mayor to delay the verdict for a year to "teach him a lesson." DE 19, ¶ 71. Nonetheless, Burden did not object to an adjournment when the court informed him that it would reserve decision and mail it to him later. *Burden*, 72 Misc. 3d 134(A). Defendant has not identified any prejudice such as pretrial incarceration, the impairment of a defense, or even anxiety as a result of the nearly year-long gap between the trial and Judge Higgins' decision. In addition to the lack of prejudice and Burden's failure to assert his right to a speedy trial, the relatively minor nature of the disorderly conduct charges and modest fine also weigh in favor of finding no speedy trial violation. *See Davis v. Nassau Cnty.*, No. 06-CV-4762 ADS WDW, 2011 WL 5401663, at *1 (E.D.N.Y. Nov. 5, 2011) (dismissing Sixth Amendment speedy trial claim where trial for traffic violation was set three years later). Thus, upon consideration of the relevant

factors and in light of all the circumstances, the Court finds Burden's speedy trial claim implausible.

As "[t]he Supreme Court has recognized[] that the Due Process Clause of the Fifth Amendment 'has a limited role to play in protecting against oppressive delay,'" *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009) (quoting *United States v. Lovasco*, 431 U.S. 783, 789 (1977)), Burden's due process claim premised upon the delay in securing his conviction fails as well. Also falling under the rubric of due process is Count Eight's claim that defendants refused to refund plaintiff his $250 fine. "[I]nsofar as Appellant . . . rais[es] a due process claim based on the defendants' failure to refund a prepaid fine after Appellant successfully challenged his [conviction]," Burden's claim must fail "because a post-deprivation remedy was available, in the form of an Article 78 mandamus proceeding." *De Asis v. New York City Police Dep't*, 352 F. App'x 517, 518 (2d Cir. 2009) (citing *New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001)).

*Fair Trial and Fifth Amendment*

Counts Three and Four allege that the failure of defendants to serve plaintiff a Huntley notice, offering statements plaintiff allegedly made to defendants, and defendants' failure to sustain plaintiff's evidentiary objections at trial violated both his right to a fair trial and his right against self-incrimination. It is well established that "a violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985). Thus, Counts Three and Four fail insofar as they are based off alleged state law violations. Insofar as Burden's claims are based upon the Fifth Amendment, they must fail as well because Burden has not alleged he was coerced into making any statements. *See Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) ("The key inquiry for Fifth Amendment purposes is whether the statement

12

introduced in a judicial proceeding was obtained . . . by coercion—an inquiry determined by the totality of the circumstances[.]"). Plaintiff's last fair trial claim under Count Five asserts that he was found guilty without evidence of guilt beyond a reasonable doubt. "A defendant's right to a fair trial is violated when exculpatory evidence is withheld, *i.e.*, when a *Brady* violation occurs . . . , and also when an officer forwards fabricated evidence to prosecutors[.]" *Ying Li v. City of New York*, 246 F.Supp.3d 578, 626 (E.D.N.Y. 2017) (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123 (2d Cir. 1997)). Because plaintiff has failed to allege either a *Brady* violation or the fabrication of evidence, plaintiff's fair trial claim fails.

*Slander*

Count Nine asserts a claim against Murdocco for slander. Defendants argue that plaintiff's defamation claim fails because "he does not assert non-conclusory, plausible factual assertions as to how the alleged defamatory statements were made, to whom, when and where, nor even does plaintiff specify what the defamatory comments were other than be indicating 'in sum and substance.'" DE 17 at 3. Plaintiff's response fails to address the defamation claim. *See* DE 18. As such, the Court will deem plaintiff's defamation claim abandoned. *See Laface v. E. Suffolk BOCES*, No. 2:18-CV-01314(ADS)(AKT), 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) ("In the Second Circuit, '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'") (collecting cases).

*Conclusion*

For the foregoing reasons, the defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: March 24, 2023
Central Islip, New York

                                                    /s/ Gary R. Brown
                                            HON. GARY R. BROWN
                                            UNITED STATES DISTRICT JUDGE